DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* SCIONTI CONSTRUCTION GROUP, LLC, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 2020-0034 |
| APTIM ENVIRONMENTAL & INFRASTRUCTURE, INC., | ) ) ) ) | |
| Defendant. | ) ) | |

**Attorneys:**
**Vanessa D. Torres, Esq.,**
Miami, FL
**Trudy Fenster, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiff*

**Alex M. Moskowitz, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendant*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on the "Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(1) and 12(b)(6)" ("Motion to Dismiss") (Dkt. No. 5) filed by Defendant Aptim Environmental & Infrastructure, Inc. ("Defendant"), and Plaintiff Scionti Construction Group, LLC's ("Plaintiff") Opposition thereto (Dkt. No. 9). For the reasons discussed below, the Court will grant Defendant's Motion to Dismiss, but will permit Plaintiff to file an amended Complaint.

## I. BACKGROUND

On August 3, 2020, Plaintiff filed the Complaint in this matter in the name of the United States to recover amounts allegedly due for labor and materials provided in connection with a federally funded project. (Dkt. No. 1 at 1). The Complaint asserts two causes of action: a claim for money owed pursuant to a payment bond under the Miller Act, 40 U.S.C. §§ 3131-3134; and unjust enrichment. *Id.* at 7-9.

The Complaint alleges that in 2017, Governor Kenneth E. Mapp appointed the Virgin Islands Housing Finance Authority ("VIHFA") as the Lead Territorial Representative on the Unified Housing Task Force. *Id.* at ¶ 15. The Task Force was a collaborative effort between the Government of the Virgin Islands and the Federal Emergency Management Agency ("FEMA") to implement the Sheltering and Temporary Essential Power ("STEP") pilot program—also known as the Emergency Home Repairs VI ("EHRVI") Program—in the Virgin Islands. *Id.* at ¶¶ 16-17. In 2018, VIHFA awarded a contract for the EHRVI Program to AECOM as the initial sole STEP Prime Contractor, and later awarded a contract to Defendant to serve as a second Prime Contractor. *Id.* at ¶¶ 18, 21. The Complaint alleges that because the contract awarded to Defendant was paid with federal funds, Defendant was required to obtain and furnish the United States a bond pursuant to the Miller Act. *Id.* at ¶¶ 22-24. The Complaint further alleges that Plaintiff entered into a subcontract agreement with Patriot Response Group, LLC who was in turn Defendant's subcontractor. *Id.* at ¶ 25. Plaintiff alleges that although it performed all of its contractual obligations, it has not been paid the $965,095.09 owed despite its demands to both Patriot Response Group, LLC and Defendant. *Id.* at ¶¶ 29-34.

Defendant filed the instant Motion to Dismiss on October 20, 2020 arguing that Plaintiff has failed to state a claim under the Miller Act because the United States was not a party to

Defendant's contract, and thus, no bond was issued pursuant to the Miller Act. (Dkt. No. 5 at 1-2). Defendant further asserts that because Plaintiff's Miller Act claim fails, the Court must dismiss the case for lack of subject matter jurisdiction. *Id.*

Plaintiff opposes Defendant's Motion to Dismiss. (Dkt. No. 9).

## II.     APPLICABLE LEGAL PRINCIPLES

### A. Subject Matter Jurisdiction

It is axiomatic that federal courts are courts of limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts possess subject matter jurisdiction only over cases that present a federal question, 28 U.S.C. § 1331, or when diversity of citizenship exists and the value of the claim exceeds $75,000, exclusive of interest and costs, 28 U.S.C. § 1332(a).

An attack under Rule 12(b)(1) to a court's subject matter jurisdiction can be either a facial or factual attack. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). A facial attack—as it is denominated—challenges the sufficiency of the jurisdictional allegations in the complaint on their face. *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006). In contrast, a factual attack disputes "the factual allegations underlying the complaint's assertion of jurisdiction," and involves the presentation of competing facts. *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack requires that a court "only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc.*, 220 F.3d at 176. On the other hand, a court may consider evidence beyond the complaint in reviewing a factual attack. *Id.* In so doing, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" and "no presumptive truthfulness

attaches to plaintiff's allegations." *Mortensen,* 549 F.2d at 891. When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff bears the burden of persuasion. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (citing *Mortensen*, 549 F.2d at 891).

### B. Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) calls for dismissal of a complaint if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The Third Circuit, as articulated in *Connelly v. Lane Const. Corp.*, employs a three-step process in applying the analysis established by the Supreme Court in *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal*:

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

*Connelly*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Ashcroft*, 556 U.S. at 675, 679) (internal citations omitted); *see also Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (stating that when ruling on a motion to dismiss for failure to state a claim, courts accept a plaintiff's "factual allegations as true, [and] construe the complaint in the light most favorable to the plaintiff." (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted)).

At the Rule 12(b)(6) stage, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

### III.    DISCUSSION

The Complaint states that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and the Miller Act, and additionally that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) as complete diversity of citizenship exists between Plaintiff and Defendant and the amount in controversy is in excess of $75,000. (Dkt. No. 1 at ¶¶ 7, 9).

The Miller Act provides that "every contractor on a federal government contract exceeding $ 100,000 [must] provide '[a] payment bond with a surety . . . for the protection of all persons supplying labor and material in carrying out the work provided for in the contract.'" *United States ex rel. E & H Steel Corp. v. C. Pyramid Enters.*, 509 F.3d 184, 186 (3d Cir. 2007) (quoting 40 U.S.C. § 3131(b)(2)). The Miller Act further provides that "'[e]very person that has furnished labor or material . . . and that has not been paid in full within 90 days after the day on which the person did or performed the last of the labor or furnished or supplied the material . . . may bring a civil action on the payment bond.'" *Id.* (quoting 40 U.S.C. § 3133(b)(1)).

Defendant argues that it did not provide a bond in favor of the United States for the project at issue; instead, the contract with VIHFA requires a performance bond in favor of VIHFA. (Dkt. No. 5 at 5). Therefore, Defendant argues that "[w]ithout a secured bond in favor of the United States, Plaintiff cannot pursue a Miller Act claim and assert federal question subject matter jurisdiction."[1] *Id.* Defendant has attached several exhibits to its Motion to Dismiss regarding the

---

[1] Indeed, courts have found that without a bond, a plaintiff does not have a claim under the Miller Act. *See, e.g.*, *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 220 (5th Cir. 2012) ("The Miller Act itself does not explicitly mention that a bond is necessary to maintain jurisdiction under the statute.

5

contract at issue. (Dkt. Nos. 5-1, 5-2, 5-3, 5-4, 5-5, 5-6, 5-7). Plaintiff concedes—based on the documents submitted by Defendant—that it does not have a Miller Act claim and that the claim should be dismissed. (Dkt. No. 9 at 7). Therefore, the Court will grant Defendant's Motion to Dismiss Count I with prejudice.[2]

However, the Court disagrees with Defendant's argument that because Count I is dismissed the Court necessarily lacks subject matter jurisdiction over the matter. Because Plaintiff's Miller Act claim has been dismissed, the question is whether the Court has another basis for subject matter jurisdiction over the remaining territorial claim. *See Arena v. Graybar Elec. Co.*, 669 F.3d 214 (5th Cir. 2012) (considering whether the district court had jurisdiction over remaining claims based on diversity when the federal Miller Act claim was dismissed).

Courts must generally decline to exercise supplemental jurisdiction over remaining state or territorial law claims when the federal claim conferring subject matter jurisdiction has been dismissed. *See Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." (quoting *Borough of W.*

---

Federal case law, however, has established that a claim under the Miller Act cannot be maintained without it."); *Faerber Elec. Co. v. Atlanta Tri-Com, Inc.*, 795 F. Supp. 240, 244 (N.D. Ill. 1992) ("In the present case, there is no surety bond to sue upon. Absent the existence of a bond, there can be no claim under the statute.").

[2] Plaintiff states that it "has agreed to voluntarily dismiss [Count I] with prejudice with both parties to bear their attorneys' fees and costs." (Dkt. No. 9 at 7). However, Plaintiff cannot unilaterally decide that fees and costs are to be borne by each party. *See, e.g.*, *Internet Media Interactive Corp. v. Shopify Inc.*, C.A. No. 20-416 (MN), 2020 U.S. Dist. LEXIS 196396, at *13 (D. Del. Oct. 22, 2020) ("Plaintiff's inclusion of the language regarding costs and fees in its notice of dismissal was improper and misleading. . . . Plaintiff's dismissal with prejudice was not a joint stipulation and Plaintiff cannot unilaterally impose those terms on Defendant.").

*Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)) (internal quotation marks omitted)); *Matta v. Gov't of the V.I.*, Civil No. 2011-091, 2014 U.S. Dist. LEXIS 119275, at *6 (D.V.I. Aug. 27, 2014) ("The Government correctly argues that federal courts routinely decline to exercise pendent jurisdiction when the causes of action that gave the court original jurisdiction have been dismissed." (internal citation and quotation marks omitted)); *see also* 28 U.S.C. § 1367(c)(3). However, Defendant fails to address Plaintiff's claim that subject matter jurisdiction grounded in diversity exists here.

Plaintiff argues that subject matter jurisdiction exists based on diversity pursuant to 28 U.S.C. § 1332. (Dkt. No. 9 at 7). Title 28 U.S.C. § 1332(a) provides that district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." The statute is generally understood as requiring complete diversity between plaintiffs and defendants, meaning that, "unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)) (alteration in original); *see also Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) ("Jurisdiction under § 1332(a) requires 'complete diversity,' meaning that 'no plaintiff can be a citizen of the same state as any of the defendants.'" (quoting *Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003))). "The key inquiry in establishing diversity is . . . the 'citizenship' of each party to the action." *Zambelli Fireworks Mfg. Co., Inc.*, 592 F.3d at 419. For purposes of diversity jurisdiction, a corporation is a citizen of *both* the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Johnson*, 724 F.3d at 347.

7

The Complaint sufficiently alleges that the amount in controversy exceeds $75,000 as it asserts that Plaintiff is entitled to $965,095.09 in unpaid debt under the contract at issue. (Dkt. No. 1 at ¶ 31). As to the parties' citizenship, the Complaint alleges that Defendant is incorporated and has its principal place of business in Louisiana, and that Plaintiff "is a Florida Limited Liability Company" and has its principal place of business in Florida. *Id.* at ¶¶ 2, 4. Defendant does not challenge the citizenship allegations in the Complaint or that the parties are diverse. However, the Court must satisfy itself that jurisdiction exists, but is unable, for the following reasons, to determine whether the parties are diverse from the face of the Complaint. *See Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003) ("[C]ourts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt.").

First, Plaintiff states that it is an LLC. (Dkt. No. 1 at ¶¶ 1-2). Therefore, it must allege the citizenship of its members in order to properly plead its citizenship. *See Lincoln Ben. Life Co.*, 800 F.3d at 103 ("[A]n LLC's citizenship is determined by the citizenship of its members."); *Johnson*, 724 F.3d at 349 ("[T]he citizenship of a limited liability company is determined by the citizenship of each of its members." (internal citation and quotation marks omitted)); *Zambelli Fireworks Mfg. Co., Inc.*, 592 F.3d at 418 ("We now join our sister circuits in holding that the citizenship of an LLC is determined by the citizenship of each of its members."). The Complaint does not contain any allegations regarding the citizenship of Plaintiff's members.

Second, while Defendant is named in the Complaint as Aptim Environmental & Infrastructure, Inc. and the Complaint states at one point that "Aptim is a Louisiana *corporation*," the Complaint also alleges that Aptim is a *limited liability company*. (Dkt. No. 1 at ¶¶ 3, 5 (emphasis added)). These seemingly contradictory allegations also do not permit the Court to determine whether the Complaint sufficiently alleges the citizenship of Defendant.

8

In short, because the Complaint fails to properly allege the citizenship of either party, the Court finds that the Complaint fails on its face to properly confer subject matter jurisdiction.

Defendant does not deny that diversity jurisdiction exists. Further, the issues identified by the Court regarding the Complaint's citizenship allegations may be addressed by amendment of the Complaint. 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 36 (3d Cir. 2018) (where a plaintiff failed to plead the citizenship of the parties, case was remanded with instructions to allow the plaintiff "the opportunity pursuant to 28 U.S.C. § 1653 to remedy its defective jurisdictional allegations by filing . . . a motion with an appropriately amended complaint."); *Hallstead-Great Bend Joint Sewer Auth. v. McElwee Grp., LLC*, No. 3:CV-16-1467, 2016 WL 3916296, at *2 (M.D. Pa. July 20, 2016) (permitting defendant to amend notice of removal to adequately allege citizenship of the parties); *FirstBank Puerto Rico v. AMJ, Inc.*, No. 2011-063, 2013 WL 4766538, at *5 (D.V.I. Sept. 4, 2013) (granting leave to amend complaint where citizenship allegations were insufficient). The Court will therefore permit Plaintiff the opportunity to file an amended Complaint to properly allege the citizenship of each party.

## IV.   CONCLUSION

For the reasons stated above, the Court will grant Defendant's Motion to Dismiss. The Court will dismiss Count I with prejudice and otherwise dismiss the Complaint without prejudice for lack of subject matter jurisdiction. However, the Court will grant Plaintiff the opportunity to amend the jurisdictional allegations in the Complaint.

An appropriate Order accompanies this Memorandum Opinion.

Date: November 3, 2021                              _____/s/_____
                                                    WILMA A. LEWIS
                                                    District Judge