## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **SCIONTI CONSTRUCTION GROUP, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 2020-0034** |
| | ) | |
| **APTIM ENVIRONMENTAL &** | ) | |
| **INFRASTRUCTURE, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**Attorneys:**
**Vanessa D. Torres, Esq.,**
Miami, FL
**Trudy Fenster, Esq.,**
St. Croix, U.S.V.I.
        *For Plaintiff*

**Alex M. Moskowitz, Esq.,**
St. Thomas, U.S.V.I.
        *For Defendant*

## <u>MEMORANDUM OPINION</u>

**Lewis, District Judge**

THIS MATTER comes before the Court on the "Motion to Strike Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. Proc. 12(f)" ("Motion to Strike") (Dkt. No. 24), filed by Defendant Aptim Environmental & Infrastructure, Inc. ("Defendant"); Plaintiff Scionti Construction Group, LLC's ("Plaintiff") Opposition thereto (Dkt. No. 26); and Defendant's Reply (Dkt. No. 27). For the reasons discussed below, the Court will grant Defendant's Motion to Strike, but will permit Plaintiff to file an amended complaint.

# I.     BACKGROUND

On August 3, 2020, Plaintiff filed the Complaint in this matter in the name of the United States to recover amounts allegedly due for labor and materials provided in connection with a federally funded project. (Dkt. No. 1 at 1). The Complaint asserted two causes of action: a claim for money owed pursuant to a payment bond under the Miller Act, 40 U.S.C. §§ 3131-3134, and unjust enrichment. *Id.* at 7-9.

Defendant filed a Motion to Dismiss on October 20, 2020 arguing that Plaintiff failed to state a claim under the Miller Act because the United States was not a party to Defendant's contract, and thus, no bond was issued pursuant to the Miller Act. (Dkt. No. 5 at 1-2). Defendant further asserted that because Plaintiff's Miller Act claim fails, the Court must dismiss the case for lack of subject matter jurisdiction. *Id.* In response, Plaintiff conceded—based on the evidence presented by Defendant—that it did not have a Miller Act claim. (Dkt. No. 9 at 7). However, Plaintiff argued that even without its Miller Act claim, subject matter jurisdiction existed based on diversity of citizenship pursuant to 28 U.S.C. § 1332. *Id.*

The Court granted Defendant's Motion to Dismiss. (Dkt. Nos. 20, 21). Based on Plaintiff's concession that it did not have a Miller Act claim, the Court dismissed Count I of Plaintiff's Complaint with prejudice. (Dkt. No. 21 at 6). Additionally, the Court found that the jurisdictional allegations in the Complaint were insufficient to confer subject matter jurisdiction based on diversity. *Id.* at 8-9. However, the Court granted Plaintiff leave to amend the Complaint to properly allege the citizenship of the parties. *Id.* at 9.

Plaintiff then filed an Amended Complaint. (Dkt. No. 23). In the instant Motion to Strike, Defendant argues that the Amended Complaint should be stricken because: (1) Plaintiff "failed to reproduce the entire pleading as amended specifically delineating the changes as required by the

local rules," and (2) "[t]he alleged amended complaint also improperly included the United States of America as a named plaintiff and retained all of the allegations Scionti conceded were baseless related to the Miller Act claim that was dismissed with prejudice by this Court." (Dkt. No. 24 at 2).

In response to Defendant's Motion to Strike, Plaintiff filed a Notice containing the red-lined version of the Amended Complaint. (Dkt. No. 25). Additionally, Plaintiff filed an Opposition to Defendant's Motion to Strike. (Dkt. No. 26).

## II.    APPLICABLE LEGAL PRINCIPLES

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see also Collura v. City of Philadelphia*, 590 F. App'x 180, 185 (3d Cir. 2014); *United States ex rel. Nissman v. Southland Gaming of the Virgin Islands, Inc.*, 182 F. Supp. 3d 297, 317 (D.V.I. 2016). Immaterial matter has been defined as "that which has no essential or important relationship to the claim for relief." *Donnelly v. Commonwealth Fin. Sys., Inc.*, No. 3:07-CV-1881, 2008 U.S. Dist. LEXIS 28604, at *10 (M.D. Pa. Mar. 20, 2008) (quoting *Delaware Health Care, Inc. v. MCD Holding Co.*, 893 F. Supp. 1279, 1291-92 (D. Del. 1995)) (internal quotation marks omitted). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* (quoting *Delaware Health Care*, 893 F. Supp. at 1292) (internal quotation marks omitted). Scandalous matter "improperly casts a derogatory light on someone, most typically on a party to the action." *Id.* at *11 (quoting *Carone v. Whalen*, 121 F.R.D. 231, 233 (M.D. Pa. 1988)) (internal quotation marks omitted).

A court has "considerable discretion" in deciding a motion to strike under Rule 12(f). *Carter v. Newman*, Civil Action No. 13-5139 (MAS) (LHG), 2015 U.S. Dist. LEXIS 23919, at *2

3

(D.N.J. Feb. 27, 2015). However, "such motions are 'not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case.'" *Griswold v. Coventry First LLC*, Civil Action No. 10-5964, 2015 U.S. Dist. LEXIS 19455, at *20 (E.D. Pa. Feb. 18, 2015) (quoting *River Road Dev. Corp. v. Carlson Corp.*, Civil Action No. 89-7037, 1990 U.S. Dist. LEXIS 6201, at *7 (E.D. Pa. May 23, 1990)). "The standard for striking a complaint or a portion of it is strict, and 'only allegations that are so unrelated to the plaintiffs' claims as to be unworthy of any consideration should be stricken.'" *Steak Umm Co., LLC v. Steak'Em Up, Inc.*, Civil Action No. 09-2857, 2009 U.S. Dist. LEXIS 101357, at *4 (E.D. Pa. Oct. 29, 2009) (quoting *Johnson v. Anhorn*, 334 F. Supp. 2d 802, 809 (E.D. Pa. 2004)); *see also The Knit With v. Knitting Fever, Inc.*, Civil Action Nos. 08-4221, 08-4775, 2009 U.S. Dist. LEXIS 30230, at *18 (E.D. Pa. Apr. 8, 2009) ("Striking a pleading is a 'drastic remedy' and should be used sparingly by courts, partly because of the difficulty of deciding cases without a factual record." (citing *North Penn Transfer, Inc. v. Victaulic Co. of Am.*, 859 F. Supp. 154, 158-59 (E.D. Pa. 1994))).

### III.   DISCUSSION

As noted above, Defendant moves to strike the Amended Complaint on two grounds: first, because Plaintiff failed to comply with Local Rule of Civil Procedure 15.1; and second, because the Amended Complaint contains allegations related to the dismissed Miller Act claim. (Dkt. No. 24 at 3).

Plaintiff argues that it filed the Amended Complaint in compliance with the Court's Order which granted it the opportunity to amend the jurisdictional allegations in the Complaint. (Dkt. No. 26 at 2). Additionally, Plaintiff argues that Defendant has not shown any prejudice or confusion resulting from the challenged language. *Id.* at 5-6. Finally, Plaintiff argues that it has

filed a marked-up Amended Complaint and that the Local Rules do not contemplate such a harsh sanction for failure to comply with LRCi 15.1. *Id.* at 6.

In response to Defendant's earlier Motion to Dismiss, Plaintiff agreed to voluntarily dismiss its Miller Act claim with prejudice "[u]pon review of Aptim's supporting documents affixed to its Motion to Dismiss." (Dkt. No. 9 at 7). However, the Amended Complaint still contains multiple allegations referring to the Miller Act and the Miller Act bond—e.g., the inclusion of the United States in the caption together with a reference to the United States as a proper party to the action. (*See, e.g.*, Dkt. No. 23 at ¶ 6 ("The United States of America is a proper party to this action for the use of Scionti pursuant to 40 U.S.C. § 3133(3)(A)."); *id.* at ¶ 17 ("Pursuant to the Miller Act, codified at 40 U.S.C. § 3131(b) and 40 U.S.C. § 3131(b)(2), prior to Aptim being awarded a contract, the performance of which is paid for by federal funds, Aptim is required to obtain and furnish to the Government, a Miller Act 'Payment Bond'."); *id* at ¶ 22 ("Scionti is an intended protected party under the Miller Act since it provided labor and materials for the carrying out of the work provided under the STEP Program, a federal project.")). These allegations are undisputedly immaterial and impertinent to the matter as there is no longer a Miller Act claim. As Plaintiff previously conceded, the Miller Act allegations do not have a factual basis. Indeed, under the circumstances here—including the Court's dismissal of the Miller Act claim with prejudice—the allegations "are so unrelated to [Plaintiff's] claims as to be unworthy of any consideration," *Steak Umm Co., LLC*, 2009 U.S. Dist. LEXIS 101357, at *4, and will serve only to "confuse the issues in the case," *Griswold*, 2015 U.S. Dist. LEXIS 19455, at *20. Accordingly, the strict standard for striking a complaint is met here and the Court will therefore grant Defendant's Motion to Strike the Amended Complaint. Nevertheless, the Court will grant Plaintiff

the opportunity to file a new Amended Complaint that does not contain the allegations or other references that pertain only to the previously dismissed Miller Act claim.

Additionally, in filing its Amended Complaint, Plaintiff failed to comply with Rule 15.1 of the Local Rules of Civil Procedure. Rule 15.1 provides in pertinent part that: "[e]xcept as otherwise ordered by the Court, any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended specifically delineating the changes or additions and may not incorporate any prior pleading by reference." LRCi 15.1. When Plaintiff initially filed its Amended Complaint, it failed to file a version of the Amended Complaint delineating the changes made. (Dkt. No. 23). However, Plaintiff subsequently filed a red-lined version of the Amended Complaint along with its Opposition to Defendant's Motion to Strike. (Dkt. No. 25). It is thus clear to the Court that Plaintiff now understands the requirements of LRCi 15.1. Indeed, because the Court will permit Plaintiff to file a new Amended Complaint, Plaintiff will be obliged to comply with LRCi 15.1 when filing that Amended Complaint.

## IV.    CONCLUSION

For the reasons stated above, the Court will grant Defendant's Motion to Strike the Amended Complaint. However, the Court will grant Plaintiff the opportunity to file a new Amended Complaint that both complies with Rule 15.1 of the Local Rules of Civil Procedure, and that does not contain the allegations or other references that pertain only to the previously dismissed Miller Act claim, including references in the caption and otherwise to the United States as a party.

An appropriate Order accompanies this Memorandum Opinion.

Date: August 25, 2022

_____/s/_____
WILMA A. LEWIS
District Judge

6