IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| ~~UNITED STATES OF AMERICA *ex rel.*~~ SCIONTI CONSTRUCTION GROUP, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>APTIM ENVIRONMENTAL & INFRASTRUCTURE, INC.,<br><br>　　　　Defendant(s). | **1:20-CV-**00034-WAL-GWC<br><br>ACTION FOR DAMAGES<br><br>TRIAL BY JURY DEMANDED |

## FIRST AMENDED COMPLAINT

~~THE UNITED STATES OF AMERICA, for the use and benefit of~~ SCIONTI CONSTRUCTION GROUP, LLC, by and through undersigned counsel, sues Defendant, APTIM ENVIRONMENTAL & INFRASTRUCTURE, INC. ("Aptim"), respectfully showing this Court as follows:

### PARTIES

1. This action is brought in the name ~~of the United States of America for the use and benefit of~~ Scionti Construction Group, LLC ("Scionti"), to recover amounts due for labor and materials provided in connection with a Federal project.

2. Scionti is a Florida Limited Liability Company, having its principal place of business at 2332 Galiano Street, 2nd Floor, Suite 103, Coral Gables, Florida 33134.

*Scionti Construction Group, LLC v.* ~~United States, ex rel., and~~ *Aptim Environmental & Infrastructure, Inc.*
**_Amended_ Complaint**
Page 2

2.3. Scionti is composed of two members, Ann Maria Ferrao and Joseph A. Scionti (collectively, "Members"). The Members are citizens of the State of Florida and reside at 5794 Commerce Lane, South Miami, Florida 33143.

3.4. Aptim is a Louisiana corporation that was authorized to do business and did business in the State of Florida until January 7, 2019. Aptim withdrew from doing business in the State of Florida on January 7, 2019 and revoked the authority of its registered agent in Florida to accept service and appointed the Florida Department of State as its agent of process.

4.5. According to the records of the Office of the Florida Secretary of State, Aptim is a Louisiana corporation with a principal place of business in Baton Rouge at 4171 Essen Lane, Baton Rouge, Louisiana 70809.

5. ~~Aptim is registered in the Virgin Islands as a foreign limited liability company, with its principal place of business in Baton Rouge, Louisiana.~~

6. ~~The United States of America is a proper party to this action for the use of Scionti pursuant to 40 U.S.C. § 3133(3)(A).~~

## JURISDICTION

6. Jurisdiction is supported by 28 U.S.C. § 1332(a)(1) as complete diversity of citizenship exists between Scionti and Aptim and this is an action for money damages in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees.

7. ~~This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and the provisions of 40 U.S.C. §§ 3131, *et seq.* (the "Miller Act"). This Complaint~~

*Scionti Construction Group, LLC v.* ~~United States, ex rel., and~~ *Aptim Environmental & Infrastructure, Inc.*
***Amended* Complaint**
Page 3

~~includes a claim on a Miller Act payment bond for labor and materials supplied on a federal construction project through the Virgin Islands Housing Finance Authority on the island of St. Croix, United States Virgin Islands, for the Sheltering Temporary Essential Power ("STEP") Program Emergency Home Repairs VI project (the "Federal Project").~~

8. ~~Jurisdiction is further supported by 28 U.S.C. § 1332(a)(1) as complete diversity of citizenship exists between Scionti and Aptim and this is an action for money damages in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees.~~

9. ~~The Court has supplemental jurisdiction over Count II of this Complaint based on the provisions of 28 U.S.C. § 1367 because the claim for unjust enrichment is related to Count I, the Miller Act Claim, such that all of the claims arise from the same case or controversy. Specifically, Aptim's failure to pay Scionti for materials, labor, and services provided gives rise to all causes of action.~~

<u>VENUE</u>

~~10.~~<u>7.</u>   Venue is proper in this district because all, or a substantial part, of the events giving rise to this claim occurred on the island of St. Croix, United States Virgin Islands. Venue in this Court is proper under 28 U.S.C. § 1391. ~~Venue is also proper under the Miller Act, pursuant to 40 U.S.C. §3133(3)(B).~~

~~11.~~<u>8.</u>   Scionti has satisfied all conditions precedent to bringing this action, to bringing claims in this action, and to recovering damages sought in this Complaint.

<u>FACTUAL ALLEGATIONS</u>

*Scionti Construction Group, LLC v.* ~~*United States, ex rel., and*~~ *Aptim Environmental & Infrastructure, Inc.*
***Amended*** ***Complaint***
Page 4

~~12.~~9. On or about December 6, 2017, Governor Kenneth E. Mapp appointed the Virgin Islands Housing Finance Authority ("VIHFA") as the Lead Territorial Representative on the Unified Housing Task Force.

~~13.~~10. The Task Force was slated as a collaborative effort between the Government of the U.S. Virgin Islands and the Federal Emergency Management Agency ("FEMA") to implement the Sheltering and Temporary Essential Power ("STEP") pilot program in the Territory.

~~14.~~11. STEP is locally known in the Territory as the Emergency Home Repairs VI ("EHRVI") Program.

~~15.~~12. On February 2, 2018, the VIHFA awarded a contract to execute the EHRVI Program to AECOM, the initial sole STEP Prime Contractor.

~~16.~~13. The original purpose and scope of the EHRVI included simple repairs which would allow homeowners to shelter within their homes until other programs or insurance support would become available to provide permanent repairs to their homes.

~~17.~~14. On August 23, 2018, FEMA issued a program guidance which changed the Scope of Work and gave provisions and funding to perform permanent repairs on storm damaged roofs.

~~18.~~15. Subsequent to this change in the EHRVI's scope of work, on or about September of 2018, VIHFA awarded Aptim a contract to serve as a second Prime Contractor for the STEP program.

*Scionti Construction Group, LLC v.* ~~United States, ex rel., and~~ *Aptim Environmental & Infrastructure, Inc.*
**_Amended_ _Complaint_**
Page 5

19. ~~Pursuant to the Miller Act, codified at 40 U.S.C. § 3131(b) and 40 U.S.C. § 3131 (b)(2), prior to Aptim being awarded a contract, the performance of which is paid for by federal funds, Aptim is required to obtain and furnish to the Government, a Miller Act "Payment Bond".~~

20. ~~Specifically, 40 U.S.C. § 3131(b) and (b)(2) states as follows:~~

    > ~~"Before any contract of more than $100,000 is awarded for the construction, alteration, or repair of any public building or public work of the Federal Government, a person *must* furnish to the Government the following bonds, which become binding when the contract is awarded: . . . A payment bond with a surety satisfactory to the officer for the protection of all persons supplying labor and material in carrying out the work provided for in the contract for the use of each person. The amount of the payment bond *shall* equal the total amount payable by the terms of the contract unless the officer awarding the contract determines, in a writing supported by specific findings, that a payment bond in that amount is impractical, in which case the contracting officer shall set the amount of the payment bond. The amount of the payment bond shall not be less than the amount of the performance bond." (emphasis added).~~

~~21.~~16. Aptim, as a Prime Contractor, was awarded a contract of more than $100,000.00 for the construction, alteration, or repair of any public building or public work of the Federal Government ~~and as such, was required to furnish a bond.~~.

~~22.~~17. ~~In reliance upon the protections afforded under the Miller Act, on~~On or about November 15, 2018, Scionti entered into a subcontract agreement (the "Subcontract") with Patriot Response Group, LLC ("Patriot"), Aptim's subcontractor, whose Subcontract incorporated all the terms of the Prime Contract and Owner Contract.

*Scionti Construction Group, LLC v.* ~~United States, ex rel., and~~ *Aptim Environmental & Infrastructure, Inc.* **_Amended_ _Complaint_**
Page 6

23. 18. The subject Subcontract was entered for the benefit of Aptim and the Owner, the VIFHA.

24. 19. Scionti is an intended protected party ~~under the Miller Act~~ since it provided labor and materials for the carrying out of the work provided under the STEP Program, a federal project.

25. 20. Scionti agreed to comply with the scope of work required by Patriot.

26. 21. Scionti performed all of its obligations under the Subcontract, its work passed all relevant inspections, and the work was accepted by the VIHFA, Aptim, and Patriot.

27. 22. On or about March 2019, Scionti submitted a pre-work conclusion final invoice to Patriot and Aptim.

28. 23. The total amount due under the Subcontract to Scionti was $965,095.09 and remains unpaid despite repeated demands to Patriot and Aptim.

29. 24. Scionti timely commenced performance of its work and all required work, invoices and labor support documentation was completed by August 8, 2019.

30. 25. According to its contract, Scionti was to be paid in full within ninety (90) days after the last work was performed.

31. 26. Scionti has not been paid in full within the ninety (90) days after the date of the invoice which set forth the total amount owed to Scionti and still remains unpaid to date.

*Scionti Construction Group, LLC v.* ~~United States, ex rel., and~~ *Aptim Environmental & Infrastructure, Inc.* **_Amended_ _Complaint_**
Page 7

27. Scionti has attempted to obtain the information for the surety of the Payment Bond securing the Federal Project from Patriot and Aptim, and has learned that Aptim executed and delivered a performance bond to the VIHFA.

~~32. Scionti has attempted to obtain the information for the surety for the Miller Act Payment Bond securing the Federal Project from Patriot and Aptim, but both parties have failed to provide information regarding the Payment Bond.~~

~~33.~~ 28. Scionti provided and has incurred the cost of labor, services, materials, and equipment furnished in, and/or relating to, the performance of the work provided for in the Prime Contract ~~for which a payment bond must have been furnished under 40 U.S.C. § 3131~~.

~~34.~~ 29. Scionti provided notice to Aptim ~~in compliance with 40 U.S.C. § 3133(b)(2)~~ prior to commencing this action.

~~COUNT I – CLAIM UNDER PAYMENT BOND~~

~~35. Plaintiff re-alleges each and every allegation of the preceding paragraphs with the same force and effect as if hereinafter set forth at length.~~

~~36. Scionti is not in direct privity of contract with Aptim, who is the contractor responsible for furnishing the Payment Bond.~~

~~37. Pursuant to 40 U.S.C. § 3133(b)(2), Scionti provided written notice to Aptim within the ninety (90) day period from the date Scionti performed the last of~~

*Scionti Construction Group, LLC v.* ~~*United States, ex rel., and*~~ *Aptim Environmental & Infrastructure, Inc.* **_Amended_ _Complaint_**
Page 8

~~the labor, or furnished, or supplied the last of the material for which the instant action arises.~~

38. ~~The subject notice stated with substantial accuracy the amount claimed, the name of the party to whom the material was furnished, and/or for whom the labor was done or performed as required by 40 U.S.C. § 3133(b)(2).~~

39. ~~Upon information and belief, Aptim is the principal on the Payment Bond it was required to obtain pursuant to 40 U.S.C. § 3131(b) and (b)(2) with relation to this federal project.~~

40. ~~Scionti has demanded information regarding the Payment Bond on numerous occasions and has been unable to obtain the information from Aptim, as such, the surety is not yet a party to this action.~~

41. ~~Pursuant to the Miller Act, Aptim, as principal, and the surety, are justly and truly indebted for all sums justly due to Miller Act Plaintiff, Scionti, at the time of filing of this lawsuit.~~

42. ~~Scionti has timely filed suit within one (1) year of the last furnishing of materials and labor under its Subcontract in accordance with 40 U.S.C. § 3131(b)(4).~~

43. ~~Scionti provided labor and materials in carrying out the work required for the federal project.~~

44. ~~Aptim has breached its obligation by failing to pay its subcontractors on the federal project.~~

*Scionti Construction Group, LLC v.* ~~United States, ex rel., and~~ *Aptim Environmental & Infrastructure, Inc.*
**_Amended_ Complaint**
Page 9

~~45.  Scionti is entitled to payment from the Surety for the total amount of $965,095.09, plus interest, costs, and attorneys' fees.~~

~~46.  Scionti has performed all conditions precedent to the recovery of the relief sought in this Count I.~~

~~47.  The work has been accepted and put to beneficial use by the owner, the VIHFA.~~

~~48.  Scionti believes, and thereupon alleges, that the Payment Bond is and was an adequate sum to cover the claims alleged in this Complaint, and provided that if Aptim failed to pay for any work, labor, materials, services, and equipment provided at, on, or for the federal project and the construction of the work of improvement at the federal project, that Surety would pay the same.~~

COUNT ~~II~~ I – UNJUST ENRICHMENT

~~49.~~ 30. Plaintiff re-alleges each and every allegation of the preceding paragraphs with the same force and effect as if hereinafter set forth at length.

~~50.~~ 31. Scionti asserts the conduct of Aptim alleged herein resulted in the unjust enrichment of Aptim at the expense of Scionti.

~~51.~~ 32. Aptim contracted with the VIHFA to perform services for the federally funded STEP Program and was only able to provide those services as a result of the materials, labor, and supplies provided by Scionti. However, without justification, Aptim has failed to pay for the materials, labor, and supplies provided by Scionti, despite having received the benefit of same.

*Scionti Construction Group, LLC v.* ~~United States, ex rel., and~~ *Aptim Environmental & Infrastructure, Inc.*
**Amended Complaint**
Page 10

52.33. Aptim was unjustly enriched by the materials, labor and supplies provided by Scionti.

53.34. Scionti has suffered damages as a result of Aptim's failure to pay for the materials, labor, and supplies provided by Scionti and there is no other remedy at law available to Scionti.

## DEMAND FOR JURY TRIAL

**PLEASE TAKE NOTICE** that Plaintiff Scionti Construction Group, LLC hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

## PRAYER

**WHEREFORE,** and for the foregoing reasons, the United States of America, for the use and benefit of Scionti Construction Group, LLC, requests judgment against the Defendant, Aptim Environmental & Infrastructure, Inc. for the sum of at least $965,095.09, together with attorneys' fees, prejudgment and post-judgment interest, the costs of this action, and such further legal and equitable relief as this Honorable Court may deem just and proper.

RESPECTFULLY SUBMITTED,

DATED: September 7, 2022          DJEBELLI TORRES PLLC
                                  Pro Hac Vice Attorney for Plaintiff

                                  By: */s/ Vanessa D. Torres*
                                  Vanessa D. Torres, Esquire
                                  Florida Bar No. 93113
                                  2100 Coral Way PH 701
                                  Miami, Florida 33145
                                  Telephone: (305) 661-3908
                                  Email: vanessa@dtlawfl.com
                                  Email: service@dtlawfl.com

*Scionti Construction Group, LLC v.* ~~*United States, ex rel., and*~~ *Aptim Environmental & Infrastructure, Inc.*
**_Amended_ _Complaint_**
Page 11

LAW OFFICE OF TRUDY FENSTER, P.C.,
Attorney for Plaintiff

By: */s/ Trudy Fenster*
Trudy Fenster, Esquire
V.I. Bar No. 1031
2157 King Cross Street, STE 2
Christiansted, VI 00820
Telephone: (340) 244-4689
Email: trudy@injurylawvi.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of September, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to:

Alex M. Moskowitz, Esq.
V.I. Bar No. 1072
Dudley Newman Feuerzeig LLP
Law House
1000 Frederiksberg Gade
P.O. Box 756
St. Thomas, USVI 00804
Telephone: (340) 715-4403
Cellular: (340) 513-7243
Email: amoskowitz@dnfvi.com
Attorneys for Defendant Aptim


_____ */s/ Vanessa D. Torres*
_____
_____ */s/ Trudy Fenster*

~~RESPECTFULLY SUBMITTED,~~

~~LAW OFFICE OF TRUDY FENSTER, P.C.,~~

~~Attorney for Plaintiff~~


~~DATED: May 6, 2020                    By: /s/_____~~

~~Trudy Fenster, Esquire~~

*Scionti Construction Group, LLC v.* ~~*United States, ex rel., and*~~ *Aptim Environmental & Infrastructure, Inc.*
**_Amended_ _Complaint_**
Page 12

~~V.I. Bar No. 1031~~

~~2157 King Cross Street, STE 2~~

~~Christiansted, VI  00820~~

~~Telephone: (340) 244-4689~~

~~Email: trudy@injurylawvi.com~~